## Heisman v. Murphy, Jr.

592

*Edward Rubin,* for plaintiff.

*W. Glenn George,* for defendants.

GARB, J., October 27, 1969.—In this trespass action arising out of an automobile accident plaintiff has secured a rule upon defendants to show cause why the court should not enter an order protecting him against the taking of his deposition, presumably pursuant to the provisions of Pennsylvania Rule of Civil Procedure 4012. Defendants' answer to interrogatories revealed that counsel for defendants has in his possession no less than six different statements taken from plaintiff on six different occasions. It is plaintiff's contention that defendants' refusal to make plaintiff's signed statements available to him is indicative of bad faith on the part of defendants in seeking these depositions, presumably relying upon Pa. R. C. P. 4011(a), and he therefore requests this order protecting plaintiff from the taking of his deposition until such time as the aforesaid signed statements are made available to him.

Through the years there have been a number of cases decided on this and related questions in various of our sister counties. At first blush, it would appear that all of these cases can be lined up on one side or the other of the controversy and each side in the case before us points to that line of cases in his favor as being the better reasoned. Actually, inasmuch as

these cases require analysis of the effect of rule 4011(a) and (d) upon rules 4009 and 4007, they defy such simplistic characterization.

While a party has a right to take the deposition, either orally or by written interrogatories, of his opposing party under rule 4007(a), and has the right to inspect documents under rule 4009, the party to be deposed or whose documents are sought to be inspected can protect himself from said discovery under rule 4012 by application of rule 4011(a) if discovery is sought in bad faith, or 4011(d) if the discovery would disclose the existence of or constitutes requests for documents made or secured in anticipation of litigation or in preparation for trial. Obviously, these rules and their interrelationships must be construed in light of rule 126 which mandates that the rules shall be liberally construed, but also in light of rule 127 regarding the construction of rules and the intent of the Supreme Court, and rule 128 with regard to presumptions, in particular 128(a) providing that the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable. Therefore, one may readily see that in view of the nature of the protective order request before us, there can in some circumstances be a very real conflict between rules 4011(a) and 4011(d) if the statements sought constitute documents secured in anticipation of litigation or in preparation for trial. On the other hand, however, one may well argue that a party who has a written statement from his opponent and seeks depositions of him should in good faith produce the written statements to his opponent. This on the theory that he can have no good faith reason for withholding it except the anticipation of finding discrepancies in his opponent's testimony in the deposition to be used at trial for purposes of impeachment of credibility. If this is his purpose in taking the deposition, then it

may be argued that he is not seeking the deposition in good faith because rule 4007(a) provides that depositions may be taken regarding any matter which is relevant to the subject matter involved in the action and which will substantially aid in the preparation of the pleadings or preparation for trial of the case.

Because of this somewhat complicated interrelationship of the various rules involved and because of the perhaps divergent philosophy of the several writers of the various opinions, it is our observation that all of these cases can be distinguished and rationalized based upon the factual background of each, the procedural manner in which each of these various cases came before the court, and the nature of the relief sought. See Davis v. Zazow, 23 D. & C. 2d 143 (1960); Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655 (1955); Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966); Gates v. Nationwide Mutual Insurance Company, 32 D. & C. 2d 297 (1964); Burke v. Neas, 38 D. & C. 2d 796 (1966); Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71 (1962); Fahey v. Philadelphia Transportation Company, 15 D. & C. 2d 555 (1958); Phelps v. Gregg, 38 D. & C. 2d 753 (1966). Each case is sui generis and must be decided on its own merits.

In this case plaintiff does not request a protective order on the theory that defendants already have adequate information and so do not need his deposition for preparation of pleadings or for trial. Plaintiff contends solely that he should be permitted access to his written statements prior to the taking of such deposition. In view of that posture, this question has been decided in this county by Pietrak v. Kuhn, 39 D. & C. 2d 514, 16 Bucks 165, (1966). In that case plaintiffs refused to answer certain interrogatories propounded by defendant until they were permitted access to a written statement they had given to defend-

ant. We fail to see any distinction between the answering of written interrogatories and oral deposition as they are both permissible under the same rule, rule 4007(a). Beckert, J., writing for this court, directed that plaintiffs answer the interrogatories but that they be given access to and the right to retain a copy of their written statements within a designated time after the interrogatories were answered. This result was achieved on the theory of basic fairness to plaintiffs inasmuch as their statements were taken prior to their being represented by counsel and on a record silent with regard to the time of the taking of the statement or the emotional atmosphere that may have prevailed. Plaintiff contends that it is unfair for him to be denied access to these statements, and with this we agree. We have no way of knowing the contents of these statements, their length, the exact subject matter of each, the emotional atmosphere surrounding the taking of each or the reasons for the multiplicity of them. It seems fair and reasonable to us that the plaintiff should have access to and copies of his statements prior to trial. By the same token, there being no reasonable ground for denying it, defendants should have the right to plaintiff's deposition. Therefore, we conclude that the solution in Pietrak v. Kuhn, supra, is appropriate to this factual situation and accordingly enter the following

## ORDER

And now, to wit, October 27, 1969, plaintiff's rule to show cause is hereby discharged, dismissed and overruled and he is directed to appear for deposition at such time as he shall be summoned by defendants for that purpose. It is further ordered, directed and decreed that defendants shall, within 10 days after the taking of said deposition, furnish plaintiff's counsel with a true and correct copy of each of plaintiff's

statements as procured by defendants' representative. Plaintiff shall be permitted to inspect and copy said statement and retain a copy thereof for his file.